UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALESHIA MCMILLEN SULAYMO-BEY,

                Plaintiff,

           -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                Defendant.

22-CV-10097 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*, alleging that at about midnight on June 6, 2020, a "John Doe" New Jersey Transit employee failed to give her directions and made a racial slur. Plaintiff's complaint named the Port Authority of New York and New Jersey as the sole defendant. On January 3, 2023, the Court dismissed the complaint for failure to state a claim on which relief may be granted and directed the Clerk of Court to hold the matter open on the docket for 30 days to allow Plaintiff to amend her complaint. Plaintiff did not file an amended complaint, and on February 6, 2023, the Court entered judgment.

    Within two months, on April 5, 2023, Plaintiff filed a letter seeking leave to file an amended complaint (with a proposed amended complaint), a notice of appeal, and a request for an extension of time to appeal. (ECF 7-9.) The Court liberally construes Plaintiff's letter as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff's notice of appeal does not divest the Court of jurisdiction to consider the Rule 60(b) motion because the notice of appeal is untimely. After reviewing the arguments in Plaintiff's submission, the Court grants the Rule 60(b) motion, directs the Clerk of Court to reopen this matter and file the proposed amended complaint, and denies the motion for an extension of time to appeal as moot.

## DISCUSSION

A.  **Effect of untimely notice of appeal**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). In limited circumstances, the district court may extend the time to appeal.[1] "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).[2] The divestiture of jurisdiction rule, however, "does not apply . . . to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Here, Plaintiff's notice of appeal was filed beyond the 30-day deadline for doing so and is untimely. As such, the Court retains jurisdiction to address Plaintiff's Rule 60(b) motion, notwithstanding her filing of a notice of appeal.

B.  **Rule 60(b) motion**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

---

[1] A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5); *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that the 30-day period for seeking an extension is a "strict jurisdictional" deadline).

[2] Where a litigant files a timely motion under Rule 59(e), Fed. R. App. P. 4(a)(4)(A)(iv), or a Rule 60(b) motion within 28 days after judgment, Fed. R. App. P. 4(a)(4)(A)(vi), a notice of appeal does not take effect until after the district court addresses the motion(s), Fed. R. App. P. 4(a)(4)(B)(i). Here, Plaintiff's Rule 60(b) motion was filed more than 28 days after judgment.

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion is generally timely if it is "made within a reasonable time," but if it is based on reasons (1), (2), or (3), the motion must be filed "no more than one year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). Plaintiff's Rule 60(b) motion was brought less than two months after judgment entered and it thus was filed within a reasonable time.

Judgment was entered in this matter when Plaintiff failed to file an amended complaint, as she had been granted leave to do. In her motion under Rule 60(b) to reconsider the order of dismissal, Plaintiff includes information showing that her failure to file an amended complaint was "excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff attaches documents to her motion showing that, during this period, she faced an eviction and Family Court proceedings. The Court finds that, in light of these events, the failure to timely file an amended complaint is excusable. The Court therefore grants Plaintiff's motion under Rule 60(b)(1).

The Court directs the Clerk of Court to vacate the order of dismissal and judgment (ECF 5-6) and reopen this matter. The proposed amended complaint, which is attached to Plaintiff's motion (ECF 7), will be filed on the docket as an amended complaint. Plaintiff's request for an extension of time to appeal (ECF 8) is denied as moot.

## CONCLUSION

Plaintiff's motion for reconsideration under Rule 60(b) (ECF 7) is granted, and the motion for an extension of time to appeal (ECF 8) is denied as moot. The Court directs the Clerk

of Court (1) to vacate the order of dismissal and judgment (ECF 5-6) and reopen this matter; and (2) to file the proposed amended complaint attached to Plaintiff's motion (ECF 7) on the docket as an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 26, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge